UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 13-273 DSF (AJWx) | Date | 1/23/13 |
|---|---|---|---|
| Title | Norberto Flores Zenteno, et al. v. Aurora Loan Services, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

    This case was removed from state court on the basis of federal question jurisdiction.  No federal question is explicitly pleaded in the complaint.  The exceedingly long, rambling complaint errantly mentions several federal statutes in its 112 pages, but mere mention of a federal statute is not sufficient.  See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) ("A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.")  Defendants also claim that removal is proper because the federal Truth in Lending Act preempts the state claims that Plaintiffs seek to bring.  This may or may not be true, but complete preemption is required before a state claim is considered to be a disguised federal claim for the purposes of removal.  Hofler v. Aetna U.S. Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002), abrogated on other grounds in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

    Complete preemption is a narrow exception to the 'well-pleaded complaint rule.'  It applies when Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.  Most federal statutes do not fall in this category.  Even when federal statutes supersede certain state laws, they usually do not preempt state laws to such an extent that removal is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

<u>Id.</u> (internal citations and quotation marks omitted).

Defendants have failed to demonstrate that this doctrine applies to TILA preemption.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.